(140 App. Div. 303.)

### CONNOLLY v. CHARLES T. WILLS, Inc.

(Supreme Court, Appellate Division, First Department.    October 21, 1910.)

PLEADING (§ 329*)—BILL OF PARTICULARS—FAILURE TO FILE.

Noncompliance with an order for a bill of particulars requiring plaintiff suing for negligent death to set forth the names of defendant's employés charged with superintendence referred to in the complaint, and a statement of the acts of superintendence resulting in the death of plaintiff's intestate, is not excused by an affidavit of plaintiff's attorney that a bill of particulars which made no attempt to comply with the order gives all the information which plaintiff is able to give so far as the attorney knows and apprises defendant of the claim of neglect made, and that plaintiff can give no further information.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 329.*]

Appeal from Special Term, New York County.

Action by Julia Connolly, administratrix of Patrick Connolly, deceased, against Charles T. Wills, Incorporated. From an order denying a motion for a further bill of particulars, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank V. Johnson (William L. O'Brion, of counsel), for appellant.
Thomas J. O'Neill (Leonard F. Fish, of counsel), for respondent.

PER CURIAM.    On October 26, 1909, an order of the Special Term was made requiring the plaintiff to serve a verified bill of particulars setting forth in detail, among other things, the following:

"Fifth. The names of defendant's employés charged with and exercising superintendence referred to in paragraph second of the complaint; also a statement showing what acts of superintendence resulted in the death of plaintiff's intestate."

Thereafter a verified bill of particulars was served; but no attempt was made to comply with the requirement of paragraph fifth of the order above set forth. Thereafter a notice of motion for a verified further bill of particulars in regard to the said matters was made. In answer thereto, the attorney for the plaintiff submitted his own affidavit, in which he states:

"The bill of particulars as served to the defendant gives all the information which the plaintiff is able to give so far as I know. It fully apprises the defendant of the claim of neglect made, and the plaintiff can give no further information."

Thereupon an order denying the motion was made, and the defendant appeals.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order requiring the particular information referred to remaining unmodified, unreversed, and unappealed from, has not been complied with. The affidavit of the attorney furnishes no excuse for the plaintiff's noncompliance with said order.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant.